# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

Laura Ewing

    Plaintiff,

v.

Med-1 Solutions, LLC,

    Defendants.

CIVIL ACTION

**1:18-cv-1743-WTL-DML**

## ANSWER

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

**Admit.**

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

**The Act speaks for itself.**

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

**The Act and case law speak for itself.**

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

**The Act and case law speak for itself.**

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

**Deny.  The Defendant asserts the affirmative defense that Plaintiff did not bring this claim within one year from the date on which the violation occurred.**

## Venue

6. Venue is proper in this Judicial District.

**Admit.**

7. The acts and transactions alleged herein occurred in this Judicial District.

**Admit.**

8. The Plaintiff resides in this Judicial District.

**Defendant lacks sufficient information to admit or deny.**

9. The Defendant transacts business in this Judicial District.

**Admit.**

## Parties

10. The Plaintiff, Laura Ewing, is a natural person.

**Admit.**

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

**Admit.**

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

**Admit.**

13. The Defendant, Med-1 Solutions, LLC, and/or debt purchaser operating from an address at 517 U.S. Highway 31 N., Greenwood, IN 46142.

**Admit in part that Defendant operates from an address at 517 US Highway 31 N, Greenwood, IN 46142. Deny that Defendant is a "debt purchaser."**

14. The Defendant is a debt collection agency and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

**Admit.**

15. Defendant regularly attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

**Admit.**

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

**Admit.**

<div align="center">

**Factual Allegations**

</div>

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

**Admit.**

18. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

**Admit.**

19. The debt owed by Plaintiff went into default.

**Admit.**

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

**Admit.**

21. The Plaintiff disputes the debt.

**Admit.**

22. The Plaintiff requests that the Defendant cease all further communication on the debt.

**Admit.**

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

**Admit.**

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

**Admit.**

25. The Plaintiff retained John Steinkamp & Associates for legal representation regarding the Plaintiff's debts.

**Admit.**

26. Prior to February 25, 2016, the Defendant had reported to TransUnion credit reporting agency that the Plaintiff owed a debt to its client.

**Admit.**

27. The reporting of a debt to a credit reporting agency by a debt collector is a communication to which the FDCPA applies. *See* Daley vs. A & S Collection Assocs., Inc., 2010 WL 2326256 (D. Oreg. 2010); Akalwadi v. Risk Mgmt Alternatives, Inc., 336 F.Supp.2d 492, 503 (D. Md. 2004).

**The Act and cases law speak for itself.**

28. On February 25, 2016, the Plaintiff's legal counsel sent a letter to the Defendant via facsimile. This facsimile transmission to the Defendant was successfully received by the Defendant. *See Exhibit "2" attached hereto*.

**Admit.**

29. This letter indicated that Plaintiff disputed the debt that Defendant is attempting to collect. Section 1692e(8) does not require an individual's dispute be valid or reasonable. Instead, the plaintiff must simply make clear that he or she dispute the debt. Evans v. Portfolio Recovery Associates, 2018 U.S.App. LEXIS 11372 *14 (7th Cir. 2018); *see also* DeKoven v. Plaza Associates, 599 F.3d 578, 582 (7th Cir. 2010)("[A] consumer can dispute a debt for 'no reason at all . . .'").

**Admit that the letter indicated Plaintiff disputed the debt.  The Act and case law speak for itself.**

30. Communications sent via facsimile are assumed to have been received by the intended recipient if the facsimile confirmation indicates a successful transmission. *See* Laouini v. CLM Freight Lines, Inc., 586 F.3d 473 (7th Cir., 2009)(holding that facsimile confirmation generated by the…fax machine was sufficient to create a factual dispute that …was received…); Bridgeview Health Care

Center Ltd. v. Clark, 2011 WL 4585028, 3 (N.D.Ill 2011)("Indeed, in the facsimile transmission context, it is commonly understood that 'success' means that 'the two fax machines have performed an electronic "handshake" and that the data has been transmitted from one machine to the other.").

**The Act and case law speak for itself.**

31. On April 17, 2018, the Plaintiff obtained and reviewed a copy of her TransUnion credit report. *See Exhibit "3" attached hereto*.

**Defendant lacks sufficient information to admit or deny.**

32. On April 17, 2018, the Defendant was continuing to report the Plaintiff's debt to it without indicating that the debt was disputed. *See Exhibit "3" attached hereto*.

**Admit.**

33. The TransUnion credit report dated April 17, 2018 indicates that it was last reported or verified March of 2018. *See Exhibit "3" attached hereto*.

**Defendant admits that this is an accurate representation of exhibit 3.**

34. The TransUnion credit report dated April 17, 2018, fails to indicate that the debt was disputed by the consumer. *See Exhibit "3" attached hereto*.

**Defendant lacks sufficient information to admit or deny.**

35. By failing to communicate that the debt at issue was disputed, Defendant violated the FDCPA. Evans v. Portfolio Recovery Assocs., 2018 U.S. App.LEXIS 11372 *12 – 13 (7th Cir. 2018)("Despite receiving the Letters, PRA still reported plaintiffs' debts to credit reporting agencies without noting that the debt amounts were disputed. This is a clear violation of the statute"); *see also*, Sayles v. Advanced Recovery Systems, Inc., 865 F.3d 246 (5th Cir. 2017).

**The case law speaks for itself.**

36. The Defendant's violation of the FDCPA is material because Defendant's failure to update her credit report would make an unsophisticated consumer believe that she did not have the rights Congress had granted to her under the FDCPA. This alleged violation of the FDCPA is sufficient to show an injury-in-fact. Evans v. Portfolio Recovery Assocs., 2018 U.S. App. LEXIS 11372, *8-*9 (7th Cir. 2018); *See also* Sayles, *supra*, 865 F.3d at 250 (debt collector's violation exposed consumer to "a real risk of financial harm caused by an inaccurate credit rating").

**The Act and case law speaks for itself.**

37. The Defendant's violation of the FDCPA is a material violation of the statute. Indeed, as the Seventh Circuit Court of Appeals stated, "[p]ut simply, the failure to inform a credit reporting agency

that the debtor disputed his or her debt will always have influence on the debtor, as this information will be used to determine the debtor's credit score". Evans, *supra*, at *20.

**The Act and case law speaks for itself.**

38. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994). 1. The allegations of Paragraphs 1 through 38 of the complaint are realleged and incorporated herewith by references.

**The Act and case law speaks for itself.**

<div align="center">

**First Claim for Relief:**
**Violation of the FDCPA**

</div>

1. The allegations of Paragraphs 1 through 38 of the complaint are realleged and incorporated herewith by references.

**Defendant incorporates its answers to paragraphs 1 through 38.**

2. The Defendant violated 15 U.S.C. § 1692e(8) by continuing to attempt to report a debt to a credit reporting agency when it knew the debt was disputed by the consumer. *See* 15 U.S.C. 1692e(8) ("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); Evans v. Portfolio Recovery Assocs., 2018 U.S. App.LEXIS 11372 (7th Cir. 2018); *see also* Hoffman vs. Partners in Collections, Inc., 1993 U.S. Dist. LEXIS 12702 (N.D. Ill. 1993); Brady vs. Credit Recovery Co., Inc., 160 F.3d 64, 65 (1st Cir. 1998)(Section 1692(e)(8) requires debt collector who knows, or should know, that a given debt is disputed to disclose its disputed status. This standard requires no notification by the consumer, written or oral, and instead, depends solely on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is acquired); Finnegan vs. Univ. of Rochester Med. Ctr, 21 F.Supp.2d 223 (W.D.N.Y. 1998); 1st Nationwide Collection Agency, Inc. v. Werner, 654 S.E.2d 428 (Ga.Ct.App. 2007); Randall vs. Midland Funding, LLC, 2009 WL 2358350 (D. Neb. 2009); Kinel v. Sherman Acquisition II, L.P., 2007 WL 2049566 (S.D.N.Y. 2007); Acosta v. Campbell, 2006 WL 146208 (M.D. Fla. 2006); *see also* Daley vs. A & S Collection Associates, Inc., 717 F.Supp.2d 1150 (D.Oreg. 2010)(summary judgment issued for Plaintiff when the Defendant communicated credit information to credit reporting agency which it knew or should have known to be false); Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836 (D.Ariz. 2011)(holding that bona fide error defense did not excuse debt collector's error in failing to report that debt was in dispute).

**Deny. To the extent, if any, that Defendant has violated the Fair Debt Collection Practices Act, such violation was the result of a bona fide error.**

3. The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by continuing to report the debt to a credit reporting agency when it knew the debt was disputed by the consumer.

**Deny. To the extent, if any, that Defendant has violated the Fair Debt Collection Practices Act, such violation was the result of a bona fide error.**

4. The Defendant's acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by continuing to report the debt to a credit reporting agency when it knew the debt was disputed by the consumer.

**Deny. To the extent, if any, that Defendant has violated the Fair Debt Collection Practices Act, such violation was the result of a bona fide error.**

5. The Defendant misrepresented the status of this debt to a credit reporting agency which constitutes a violation of 15 U.S.C. § 1692e.

**Deny. To the extent, if any, that Defendant has violated the Fair Debt Collection Practices Act, such violation was the result of a bona fide error.**

6. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

**Deny. To the extent, if any, that Defendant has violated the Fair Debt Collection Practices Act, such violation was the result of a bona fide error.**

## Defendant's Affirmative Defenses

Defendant Med-1 Solutions, LLC, by counsel, pursuant to Rule (8) of the Federal Rules of Civil Procedure, and subject to further investigation and discovery, asserts the following affirmative defenses in this matter:

1. To the extent, if any, that Defendant has violated the Fair Debt Collection Practices Act, such violation was the result of a bona fide error. The violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. (15 U.S.C. § 1692k).

2. The Defendant asserts the affirmative defense that Plaintiff violated the statute of limitations when she did not bring this claim within one year from the date on which the violation occurred pursuant to 15 U.S.C. § 1692k(d).

3. Defendant reserves the right to amend its Answer and Affirmative Defenses to assert any new affirmative defenses discovered between the time of the filing of its Answer and the date of trial.

WHEREFORE, Defendant prays that Plaintiff take noting by way of his Complaint; for costs of this action and all other proper relief.

Date: <u>August 01, 2018</u>

Respectfully Submitted,

<div style="margin-left:40%">

<u>/s/ Nicholas Moline</u>
Nicholas Moline, IN Atty # 29711-49
Attorney for Defendant
Med-1 Solutions, LLC
517 U.S. Highway 31 North
Greenwood, IN  46142
(317) 883-5600
Nicholas.Moline@med1solutions.com

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on <u>August 01, 2018</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all parties of record.

<div style="margin-left:40%">

<u>/s/ Nicholas Moline</u>
Nicholas Moline, IN Atty # 29711-49
Attorney for Defendant

</div>